1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

MARKELLA COUNTOUROUDAS,          .          Civil Action No. 1:09cv548
                                 .
            Plaintiff,           .
                                 .
      vs.                        .          Alexandria, Virginia
                                 .          February 22, 2010
VANCE SECURITY USA, CORP.,       .          2:00 p.m.
                                 .
            Defendant.           .          EXCERPT OF P.M. SESSION
                                 .
. . . . . . . . . . .

TRANSCRIPT OF BENCH TRIAL
BEFORE THE HONORABLE LEONIE M. BRINKEMA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFF:          LINDA M. CORREIA, ESQ.
                            JEREMY P. MONTEIRO, ESQ.
                            Webster, Fredrickson, Correia &
                            Puth, PLLC
                            1775 K Street, N.W., Suite 600
                            Washington, D.C. 20006
                              and
                            VICTOR M. GLASBERG, ESQ.
                            Victor M. Glasberg & Associates
                            121 South Columbus Street
                            Alexandria, VA 22314

FOR THE DEFENDANT:          TYLER A. BROWN, ESQ.
                            Jackson Lewis LLP
                            10701 Parkridge Boulevard, Suite 300
                            Reston, VA 20191

ALSO PRESENT:               MARKELLA COUNTOUROUDAS
                            CONNIE MANISCALCO

OFFICIAL COURT REPORTER:    ANNELIESE J. THOMSON, RDR, CRR
                            U.S. District Court, Fifth Floor
                            401 Courthouse Square
                            Alexandria, VA 22314
                            (703)299-8595

(Pages 1 - 5)
COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

1            *        *        *        *        *

2            THE COURT:  All right.  Well, I've given you plenty of

3     time to argue this case, but I'm going to rule now.  I've listened

4     carefully to this.

5            First of all, paragraph 9 of the complaint, which I'm

6     surprised the defense did not raise, clearly states, "Because she

7     was aware of Vance's work in the security field, she made it clear

8     in her cover letter" -- and the cover letter is actually in

9     evidence -- "that she had no security background and was not

10    pursuing any such position other than a receptionist position."

11           The evidence in this case is unequivocal that the

12    plaintiff went to Vance in good faith thinking there was a

13    receptionist position open, and that is the position for which she

14    applied.  The evidence is also uncontested in my view, no matter

15    what kind of a spin the plaintiff tries to put on it, that there

16    absolutely were no open receptionist positions at the time the

17    plaintiff was on the scene at Vance.  The evidence from Hadley and

18    from the documentary evidence is crystal clear.

19           Part of the problem here, frankly, was CSC kept changing

20    its mind, and there's no inference that can be drawn against Vance

21    for that simple fact, and the fact that Mr. Wilkins may have been

22    confused or misrepresented in actual specificity what was going

23    on, I don't find any kind of evidence of discrimination there.  It

24    was a confusing and changing situation, but on the date when the

25    plaintiff arrived at the office, it is uncontestable that there

1  were no receptionist positions available.

2          The evidence from the plaintiff's own testimony today is

3  quite clear that when she was given the application form, she did

4  not fill it out.  Now, whether she should have asked a few

5  questions, whether Mr. Wilkins could have volunteered some

6  additional information is all surmise.  The issue before this

7  Court is whether there is any evidence of intentional

8  discrimination because of the plaintiff's pregnancy based on the

9  facts that were present at that time, and I simply find that there

10 were none.

11         The plaintiff by choosing not to fill out the

12 application that was offered to her basically took herself out of

13 the pipeline.  Even this pipeline that we keep talking about,

14 there were from the evidence in this record no receptionist

15 positions that were coming available.

16         Furthermore, we don't even know if the plaintiff would

17 have qualified for one because she had to take a one-week training

18 course.  We have no idea when that would have been offered, and

19 certainly it's interesting, even if she had gotten one of the CSC

20 positions, by May 15, there would have been no more job.  Whether

21 there would have down the road been a placement, who knows, but

22 the point was there were no positions open.

23         To make out a prima facie case of discrimination in this

24 case, the plaintiff has to show that there was, in fact, a job

25 open to which she -- for which she applied, and the evidence in

1  this case is unequivocal that there was none, and so the Court is

2  granting judgment on the basis of the evidence heard in the

3  defendant's favor.

4         Now, having said that, I also was when I began to get

5  into this case, which as you know was at the last minute, was

6  surprised and disappointed that you were not able to work this

7  thing out, because I know there was both a rule 68 offer -- I have

8  no idea what it was.  I do know that you sat down with Judge

9  Buchanan and tried to work this out.  I have no idea what was

10 going on in terms of any details, and I don't know at this point

11 whether there is still any potential, but, you know, we never say

12 no in this business.

13        The Fourth Circuit has a mediation program.  If there

14 were still any interest in trying to resolve this matter, this

15 might be an appropriate time to do so.

16        But in any case, I've made my ruling, and I will ask

17 that any exhibits that were not used should be carefully removed

18 from your books, and you can take them back with you.  I'll have

19 Ms. Edwards give you her set, and I don't think I need to keep a

20 set.  The Court has begun to accumulate so many of these binders,

21 I can't believe that law firms in this day and age can't reuse

22 them.

23        So we'll just keep the originals that were filed, and

24 I'll have Ms. Guyton spend a couple of minutes making sure that

25 you get back the documents that you filed with us so we don't have

1   to take them downstairs.

2          I may have to go into court on another matter, so I'll

3   ask my staff to not leave until they've checked in with me, all

4   right?  And we'll recess court for the day.

5          MR. BROWN:  Thank you, Your Honor.

6                         (Which were all the proceedings

7                          had at this time.)

8

9              CERTIFICATE OF THE REPORTER

10     I certify that the foregoing is a correct excerpt of the

11  record of proceedings in the above-entitled matter.

12

13

14                    _____/s/_____
                              Anneliese J. Thomson

15

16

17

18

19

20

21

22

23

24

25